UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANA LYNN DESTROMP and
CONNER WYATT PELTIER,

    Plaintiffs,

v.                                          Case No. 8:24-cv-01148-TPB-AEP

SONY MUSIC, SAM HUNT,
HANNAH FOWLER, BRAD
BELANGER, and ROBERT
LAWSON,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This matter comes before the Court upon Plaintiff's renewed Motion to Proceed *in forma pauperis* (Doc. 5). Previously, Plaintiff, proceeding *pro se*, filed a Complaint (Doc. 1) and moved to proceed *in forma pauperis* (Doc. 2). Upon review, the Court denied Plaintiff's motion (Doc. 3), finding that her Complaint failed to set forth a viable claim, and provided Plaintiff leave to file an amended complaint that set forth a factual basis for the Court's jurisdiction, Plaintiff's claims, and the relief requested. Subsequently, Plaintiff filed an Amended Complaint (Doc. 4) and renewed her Motion to Proceed *in forma pauperis* (Doc. 5). However, Plaintiff's Amended Complaint suffers the same deficiencies as her original Complaint. Thus, for the reasons detailed below, it is recommended that Plaintiff's renewed Motion

to Proceed *in forma pauperis* (Doc. 5) be denied and Plaintiff's Second Amended Complaint (Doc. 4) be dismissed.

### I. Legal Standard

Pursuant to 28 U.S.C. § 1914, the clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court to pay a filing fee. 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915, however, a court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). District courts maintain broad discretion in determining whether to grant or deny an application to proceed *in forma pauperis*. *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam).

An action is frivolous where the allegations lack an arguable basis either in law or in fact. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). Accordingly, where the court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citations omitted). In reviewing a complaint, courts hold *pro se*

pleadings to a less stringent standard and therefore construe the complaint more liberally.[1] *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

Further, to state a claim, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). Relatedly, Federal Rule of Civil Procedure 10 mandates that the complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." Fed. R. Civ. P. 10(b). Taken in combination, Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079,

---

[1] Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* in this District must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules.") (citation and internal quotation marks omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

3

1082 (11th Cir. 1996) (citation omitted). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (per curiam)[2] (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). Namely, dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Moreover, federal courts are courts of limited jurisdiction and, thus, have an obligation to inquire into their subject matter jurisdiction *sua sponte* whenever it may be lacking. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001); *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

**II.   Discussion**

Plaintiff's Second Amended Complaint suffers from several deficiencies. Notably, the changes made in Plaintiff's Amended Complaint are deminimis at best and fail to address the deficiencies outlined by the undersigned when denying Plaintiff's previous Motion to Proceed *in forma pauperis* and dismissing the Complaint without prejudice. As a preliminary matter, despite having previously

---

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

4

been informed her *pro se* status does not allow Plaintiff to bring a claim on behalf of others (Doc. 3 at 3–4), Plaintiff in her amended Complaint, still attempts to assert claims on behalf of both herself and her adult son. Moreover, Plaintiff's Amended Complaint does not clarify in any way exactly what she is claiming. Put simply, Plaintiff's Amended Complaint lacks factual allegations that provide the Court with enough information to determine whether the Court may maintain jurisdiction over this matter or whether Plaintiff can state a viable claim. At best, Plaintiff may have a breach of contract or retaliation action against Defendants. However, Plaintiff has failed to allege facts sufficient to support same.

Furthermore, Plaintiff has failed to address the jurisdictional deficiencies previously cited by this Court (Doc. 3 at 5). In her Amended Complaint, Plaintiff again asserts jurisdiction under both 28 U.S.C § 1331 and 28 U.S.C § 1332 (Doc. 4 at 3–4). However, by Plaintiff's own admission, the parties are not diverse, defeating jurisdiction under section § 1332. Moreover, as previously explained, Plaintiff has failed to allege a proper federal claim, defeating jurisdiction under § 1331. Though Plaintiff makes conclusory allegations that her constitutional rights have been violated by Defendants, such claims may only be brought against private individuals and entities, as are Defendants here, when such parties are acting at the behest of the government. Under 42 U.S.C. § 1983, liability is imposed on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured

5

under the Constitution or federal law; and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). Here, as merely private actors, Defendants cannot be found liable for the alleged constitutional violations. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotations omitted).

Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 5) be DENIED.

2. Plaintiff's Amended Complaint (Doc. 4) be DISMISSED WITH PREJUDICE.

3. The Clerk be directed to close the case.

IT IS SO REPORTED in Tampa, Florida, this 8th day of August 2024.

ANTHONY E. PORCELLI
United States Magistrate Judge

6

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**


cc:     Hon. Thomas P. Barber
        Counsel of Record